DOC NO
REC'D/FILED
2013 MAY 10 AM 9:48
PETER OPPENEER
CLERK US DIST COURT
WD OF WI

**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN**

---

JOHN T. VEYSEY III,

    Petitioner-Defendant,

V.

WARDEN ROBERT WERLINGER,

    Respondent-Plaintiff.

PETITIONER-DEFENDANT'S
28 U.S.C. § 2241 PETITION
FOR A WRIT OF HABEAS
CORPUS

Case No. 13 C 0330

---

Petitioner, John Veysey III, appearing *pro se*, respectfully moves this Court to vacate his sentence and dismiss his indictment pursuant to 28 U.S.C. § 2241. The basis for this motion is a violation of the Speedy Trial Act, 18 U.S.C. §§ 3161-74 ("STA").

On March 6, 2001, a jury convicted Mr. Veysey of violating 18 U.S.C. §§ 844(h) and (i), and 1341. On November 11, 2001, the United States District Court for the Northern District of Illinois, Eastern Division, District Judge Rebecca R. Pallmeyer presiding, sentenced Mr. Veysey to a total of 110 years imprisonment and three years supervised release. Mr. Veysey is now in federal custody at FCI-Oxford, in Oxford, Wisconsin.

Mr. Veysey asks this Court to vacate his conviction and dismiss his indictment because the United States failed to file an indictment within thirty days after arresting him. Contrary to time limits in 18 U.S.C. § 3161(b), the United States waited 116 days before filing an indictment. According to the record, the district court did not exclude any of this time for STA purposes. Therefore, under § 3162(a)(1), the district court should have dismissed the charges against Mr. Veysey because the Government failed to indict him within thirty days of his arrest.

1

## BACKGROUND

On May 21, 1999, United States Marshals ("Marshals") arrested Mr. Veysey for various fraud offenses he allegedly committed from 1995 to 1999. (R. 3.)[1] On the same day, Mr. Veysey entered his initial appearance, and the district court ordered him to remain in federal custody pending a detention hearing. (R. 4.) On June 2, 1999, the district court held and continued a preliminary examination and detention hearing for Mr. Veysey. (R. 10.) The next day, the court concluded the hearing, detaining Mr. Veysey as a flight risk. (R. 9.) Mr. Veysey returned to federal custody. (R. 9.)

On September 14, 1999, the United States Attorney for the Northern District of Illinois filed for a one-count indictment against Mr. Veysey. (R. 11.) At this point, Marshals had detained Mr. Veysey at MCC for a total of 116 days.[2] According to the docket, the district court did not exclude any time for Speedy Trial Act purposes. (R. 1-13.)

At several later stages of Mr. Veysey's pre-trial, the district court *did* exclude time. (R. 20, 22, 26, 30, 32.) On September 21, 1999, the district court began excluding time. (R. 16.) This exclusion included all time up to March 21, 2000, when the United States Attorney filed a superseding seventeen-count indictment. (R. 16, 27.) The district court eventually dismissed the only count of the original indictment, as well as a number of counts of the superseding indictment. (R. 64.)

Following a trial, a jury convicted Mr. Veysey on 18 counts from the superseding indictment. (R. 98.) At a November 11, 2001, sentencing hearing, the district court sentenced

---

[1] All citations to the record refer to Mr. Veysey's criminal case, by docket number in Northern District of Illinois Case Number 1:99-00381. The docket is attached to this petition as Exhibit A.

[2] This number represents the total number of days between Mr. Veysey's May 21, 1999, arrest and September 14, 1999, indictment. The number does <u>not</u> include September 14th, the day the United States Attorney filed the indictment.

Mr. Veysey to a total of 110 years imprisonment, as well as a $25,000 fine and $763,460.59 in restitution. (R. 115.)

Following his conviction, Mr. Veysey appealed on three general issues unrelated to the indictment delay.[3] On June 26, 2003, the Seventh Circuit affirmed Mr. Veysey's conviction and sentence. *See Veysey*, 334 F.3d at 606.

On January 21, 2005, in the Northern District of Illinois, Mr. Veysey filed a 28 U.S.C. § 2555 motion. *See United States v. Veysey*, No 05 C 386 (N.D. Ill. Oct. 13, 2005). His motion argued some of the same issues he raised on direct appeal, but did not raise any STA concerns. *Id.*[4] On October 13, 2005, the district court denied Mr. Veysey's motion. *Id.*

On January 7, 2010, Mr. Veysey filed a "motion to dismiss indictment by a person in federal custody." (R. 126.) Mr. Veysey's motion alleged that the United States Attorney violated his STA rights by failing to indict Mr. Veysey within 30 days of his arrest. (R. 126.)

On January 12, 2010, the district court denied Mr. Veysey's motion in a minute order. (R. 127.) In denying the motion, the court treated Mr. Veysey's filing as a motion under Rule 12 of the Federal Rules of Criminal Procedure, and noted that Rule 12 motions "may be made 'at any time while the case is pending.'" (R. 127.) Mr. Veysey appealed this order. *See Veysey v. United States*, No. 10-1392 (7th Cir. 2010); (R. 128.)

---

[3] On appeal, Mr. Veysey identified three issues unrelated to this petition . First, the district court should have severed his trial into seven different trials. *United States v. Veysey*, 334 F.3d 600, 602 (7th Cir. 2003). Second, his arson of a rented house was not subject to any federal criminal statute because the house was not used in interstate commerce. *Id.* Third, the district court should not have overruled Mr. Veysey's objection to the testimony of an insurance actuary who speculated about the probability of four residential fires occurring by chance during the relevant time period. *Id.*

[4] Mr. Veysey's § 2255 motion argued that his sentence violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The district court concluded that Mr. Veysey had already litigated these concerns on appeal. *United States v. Veysey*, 2005 U.S. Dist. LEXIS 24026, *2 (N.D. Ill. Oct. 13, 2005).

3

On appeal, the Seventh Circuit treated Mr. Veysey's January 7, 2010, motion as a second § 2255 motion, and his appeal as a request for a certificate of appealability. *See Veysey v. United States*, No. 10-1392 (7th Cir. 2010); (R. 143.) The court held that Mr. Veysey failed to meet the requirements for a successive motion, and denied his request. *Id.*

## ARGUMENT

The district court erred in failing to *sua sponte* dismiss the charges against Mr. Veysey before trial. The court erred again in failing to grant Mr. Veysey's motion to dismiss his indictment after trial. The STA directs courts to *sua sponte* protect a criminal defendant's rights under the STA. Further, a defendant does not waive his right to a timely indictment if he does not move to dismiss the indictment before trial. For these reasons, this Court should vacate Mr. Veysey's sentence and conviction, and dismiss his indictment.

### I. This Court Has Jurisdiction over Mr. Veysey's Petition

Mr. Veysey brings this petition pursuant to 28 U.S.C. § 2241, fulfilling § 2241's jurisdictional requirements. Specifically, Mr. Veysey brings this petition in the correct federal district, and properly invokes § 2241(c)(3). For these reasons, this Court should decide Mr. Veysey's petition on the merits.

*A. Mr. Veysey brings this petition in the correct federal district.*

The United States District Court for the Western District of Wisconsin is the appropriate venue for this petition. Both the plain language of § 2241 and Supreme Court interpretation of the statute place jurisdiction squarely "in only one district: the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). Mr. Veysey is confined at FCI-Oxford, in Oxford, Wisconsin. Oxford, which is in Adams County, falls within the territory of this Court's jurisdiction.

4

*B. Mr. Veysey properly invokes § 2241(c)(3).*

Mr. Veysey satisfies both the statutory and common law requirements for *habeas* relief under § 2241(c)(3). With respect to the statutory requirements, § 2241(c)(3) applies to prisoners who are "in custody in violation of the Constitution or the laws and treaties of the United States." This petition alleges that the Government violated Mr. Veysey's STA rights when it failed to indict him within 30 days after his arrest. The STA is codified in 18 U.S.C. § 3161, et seq. By definition, Mr. Veysey's resulting conviction and confinement violates federal law.

With respect to the common law requirements, Mr. Veysey submits this petition because his earlier motion under 28 U.S.C. § 2255 was both an inadequate and ineffective way to test the legality of his conviction.[5] Mr. Veysey concedes that his first § 2255 motion did not raise the STA argument he now makes. However, the Supreme Court directs lower courts to overlook a prisoner's "failure to raise [a] claim in an earlier petition…if he or she can show that a fundamental miscarriage of justice would result from a failure to entertain the claim." *McCleskey v. Zant*, 499 U.S. 467, 494-95 (1991). The Northern District of Illinois' dual failure – first in not *sua sponte* dismissing Mr. Veysey's indictment before trial, and second in refusing to address the merits of Mr. Veysey's claim in his January 7, 2010, motion – has resulted in the fundamental miscarriage of justice against which *habeas corpus* protects. Neither the record, nor the Government, can adequately explain why the United States did not indict Mr. Veysey within the STA's 30-day time limit.

The fact that Mr. Veysey raises a procedural concern about his conviction, rather than a substantive argument, bolsters his assertion of a fundamental miscarriage of justice. A "principal function[] of habeas corpus [is] to assure that no man has been incarcerated under a *procedure*

---

[5] While Mr. Veysey styled his motion as a "Motion to Dismiss Indictment," the district court and Seventh Circuit treated his motion as a § 2255 motion. See *Veysey v. United States*, No. 10-1392 (7th Cir. 2010).

which creates an impermissibly large risk that the innocent will be convicted." *Teague v. Lane*, 489 U.S. 288, 312 (1989) (emphasis added) (internal quotations omitted). Here, Mr. Veysey demonstrates that the Government violated his procedural rights under the STA. Nothing on the record suggests this allegation is incorrect. This Court must afford Mr. Veysey *habeas* review in order to protect him and future defendants from the risk that the Government will overlook or ignore STA time limits.

While 28 U.S.C. § 2255(e) creates a broad bar on petitions for *habeas corpus*, Mr. Veysey has properly alleged that a § 2255 post-conviction motion offers him an inadequate and ineffective remedy. A district court has already refused to consider the merits of Mr. Veysey's STA claim, finding him to be without an available procedure to bring his argument before a court. However, Mr. Veysey raises a genuine concern that his case involves a fundamental miscarriage of justice, one resulting in an illegal conviction. Under *McCleskey*, his concern allows this Court to forgive the fact that Mr. Veysey did not identify the STA violation in his first § 2255 motion. *McCleskey* further directs this Court to give Mr. Veysey meaningful *habeas* review. Mr. Veysey has satisfied the jurisdictional requirements of § 2241, and the general bar of § 2255(e) does not prevent him from seeking *habeas* review. Therefore, Mr. Veysey's petition is properly before this Court.

## II. The Standard of Review

This Court must dismiss Mr. Veysey's indictment if it finds *any* violation of the STA. Review for "harmless error" is not appropriate in this case. The Supreme Court has explicitly held that "when a district court makes no findings on the record in support of [a] continuance [for STA purposes], harmless-error review is not appropriate." *Zedner v. United States*, 547 U.S.

489, 509 (2006). Rather, courts must review the record for plain error. *United States v. Baker*, 40 F.3d 154, 159 (7th Cir. 1994).

As discussed above, the district court did not exclude any time before the Government filed its indictment. Under *Zender*, it is irrelevant how this delay impacted the case. Any violation that the record does not justify is plain error. *See United States v. Baker*, 40 F.3d 154, 159 (7th Cir. 1994) (finding no plain error when courts abide by the STA's time limits, but implying that plain error *would* exist if a court ignored these time limits). If this Court finds that the Government violated Mr. Veysey's STA rights, it must dismiss the original charges and resulting indictment.

### III. The District Court Should Have *Sua Sponte* Dismissed the Charges Against Mr. Veysey.

The STA gives the Government thirty days to indict a defendant after arresting him. 18 U.S.C. § 3161(b). If the Government fails to meet this deadline, and if the district court does not exclude any time, § 3162(a)(1) directs the district court to dismiss the charges against the defendant. The court can dismiss with or without prejudice. 18 U.S.C. § 3162(a)(1). Congress passed the STA "not only to protect defendants, but also to vindicate the public interest in the swift administration of justice." *Bloate v. United States*, 559 U.S. 196, 130 S. Ct. 1345, 1356 (2010). In Mr. Veysey's case, the district court failed to *sua sponte* enforce the purposes of the STA, and allowed the Government to exceed the STA's deadline for filing and indictment.

Section 3162(a)(1) of the STA directs courts to dismiss charges *sua sponte* when the Government fails to bring a timely indictment. The language of the statute indicates that Congress intended for courts to take primary responsibility for reviewing "untimely indictment" STA claims. When the Government fails to indict a defendant, the statute requires that "charge[s] against that individual…*shall be* dismissed or otherwise dropped." 18 U.S.C. §

7

3162(a)(1) (emphasis added). A plain reading of the text makes dismissal mandatory in these situations. Given that only the court is can dismiss criminal charges, the statute places the responsibility of reviewing "untimely indictment" STA violations squarely within the purview of the trial judge. While the text does not prohibit defendants from asking the court to review untimely indictments, the statute does not explicitly require any defendant involvement.

Congress's intent to have courts review § 3161(a)(1) dismissals *sua sponte* is even more apparent when comparing subparagraph (a)(1) to other portions of the STA. Subparagraph (a)(2) utilizes different language, and, in so doing, highlights Congress's differing treatment of the two types of STA dismissals. Subparagraph (a)(2) applies to defendants "not brought to trial within the time limit required by [the STA]." 18 U.S.C. § 3162(a)(2). The statue further states that, in these situations, "the information or indictment shall be dismissed *on motion of the defendant*." *Id.* (emphasis added). Here, Congress added the language "on motion of the defendant" to make defendants responsible for notifying the court of "untimely trial" STA violations. The absence of similar language in subparagraph (a)(1) reveals that Congress did <u>not</u> intend for defendants to bear a similar responsibility for "untimely indictment" STA violations. *See Keene Corp. v. United States*, 508 U.S. 200, 208 (1993) (noting that "[w]here Congress includes particular language in one section of a statute but omits it in another ..., it is generally presumed that Congress acts intentionally.").

The district court erred in not dismissing Mr. Veysey's complaint *sua sponte*. The Seventh Circuit assigns "district courts...an unconditional obligation to enforce the Speedy Trial Act." *United States v. Smith (Smith I)*, 415 F.3d 682, 686 (7th Cir. 2005) *cert. granted, judgment vacated*, 547 U.S. 1190 (2006).[6]

---

[6] The Supreme Court vacated the Seventh Circuit's judgment in *Smith I* because the court tried to apply a harmless error analysis to STA claims. The Supreme Court remanded the case with directions to reconsider because *Smith I*

8

Although the Seventh Circuit has not squarely addressed the issue, other circuits have interpreted subparagraph (a)(1) as calling for dismissal without any action from the defendant. Those courts have held that the dismissal sanction "is triggered automatically if the indictment is not filed within the thirty day period." *United States v. Giwa*, 831 F.2d 538, 540 (5th Cir. 1987) (citing *United States v. Pollock*, 726 F.2d 1456, 1462 (9th Cir. 1984)). This language, copied in spirit by other circuits, latches on to the textual differences between subparagraphs (a)(1) and (a)(2). *See, e.g., United States v. Napolitano*, 761 F.2d 135, 137 (2d Cir. 1985) ("[t]he statutory language is clear: it *requires* dismissal...") (emphasis added); *United States v. Watkins*, 339 F.3d 167, 173 (3d Cir. 2003) ("dismissal of [a] charge clearly was *required* by the Speedy Trial Act") (emphasis added).

Given the differences between subparagraphs (a)(1) and (a)(2), Congress intended "untimely indictment" dismissals to be automatic. This intent necessarily requires district courts to independently investigate and resolve these types of STA violations. In Mr. Veysey's case, this means the district court should have dismissed the charges against Mr. Veysey as soon as thirty days had passed since his arrest.

While the STA allows a court to exclude time from counting against the STA's time limits, in this case, the record confirms that the court did not exclude any of the 116 days between Mr. Veysey's arrest and his indictment. (R. 1-13.) The first mention of excludable time occurred on September 21, 1999, well after the Government missed the 30-day deadline for filing the indictment. (R. 16.) The district court then routinely excluded time up to Mr. Veysey's trial. (R. 20, 22, 26, 30, 32.) This fact alone refutes any argument that the district court

---

conflicted with *Zedner v. United States*, 547 U.S. 489 (2006). *Zedner* held that harmless error analysis is inappropriate when a district court makes no on the record findings in support of excluding time under the STA. *Id.* at 509. On remand, the Seventh Circuit again reversed the defendant's conviction. *United States v. Smith*, 190 F. App'x 504, 505 (7th Cir. 2006).

9

inadvertently forgot to exclude time on the record. The exclusions after September 21, 1999, confirm that the district court was aware of both the time limits in the STA and the need to exclude time on the record.

Further, none of the STA's statutorily created exclusions apply to Mr. Veysey's case. *See* 18 U.S.C. § 3161(h) (1)-(6). Even if the district court meant to fit any of this time under the broad "ends of justice" exclusion, the STA requires the court to make a finding on the record when excluding time under this category. 18 U.S.C. § 3161(h)(7)(A). The absence of any notation on the record, at least prior to September 21, 1999, confirms that the court did *not* exclude any time to serve the ends of justice, or for any other STA purpose.

As discussed above, "harmless error" review is not appropriate in this case. Rather, this Court need only determine whether the Northern District of Illinois erred in not correcting an STA violation. The record contradicts any suggestion that the district court excluded any time. Absent any exclusion, this Court must conclude that the Government violated Mr. Veysey's STA rights by improperly holding him for more than thirty days before indicting him. Further, this Court must conclude that the district court erred in failing to *sua sponte* dismiss the charges against Mr. Veysey. These defects invalidate Mr. Veysey's conviction and sentence, and indicate a fundamental miscarriage of justice. For these reasons, this Court should grant Mr. Veysey's petition.

## IV. Mr. Veysey Did Not Waive His Right to a Timely Indictment By Failing to Move to Dismiss Before Trial.

Even though Mr. Veysey did not bring the STA violation to the court's attention until after trial, under the STA, he did not waive his right to a timely indictment. The STA allows a defendant to forfeit his right to a timely trial, but not his right to a timely indictment. Section 3161(a)(2) states that the "[f]ailure of the defendant to move for dismissal prior to trial or entry

10

of a plea of guilty or nolo contendere shall constitute a waiver of the right to dismissal under this section." This provision ("waiver provision") allows a criminal defendant to forfeit his right to move a court to dismiss his indictment if he fails to bring such a motion before trial or before pleading guilty. The Seventh Circuit has rigorously applied the waiver provision, and refused to review "untimely trial" STA violations in situations where criminal defendants fail to move to dismiss before trial. *See, e.g., United States v. Gearhart*, 576 F.3d 459, 462 (7th Cir. 2009).

However, this Court should not apply the waiver provision to a defendant who fails to challenge his *indictment* as untimely. On its face, the waiver provision does not apply to "untimely indictment" challenges. While some circuits read the waiver provision broadly, the Seventh Circuit has yet to publish a decision allowing such a broad reading. Further, those circuits that read the waiver provision broadly are not persuasive in Mr. Veysey's case because they fail to adhere to the plain meaning of the STA. For these reasons, the STA does not prevent this Court from protecting Mr. Veysey's right to a timely indictment.

### A. On its face, the STA's waiver provision does not apply to "untimely indictment" challenges.

On its face, the STA waiver provision only applies to "untimely trial" dismissals for two reasons. First, § 3162 (a)(2) refers to situations where the defendant must initiate dismissal. The statute emphasizes that "*failure of the defendant to move* for dismissal prior to trial or entry of a plea of guilty or nolo contendere shall constitute a waiver of the right to dismissal under this section." 18 U.S.C. § 3162(a)(2) (emphasis added). Subparagraph (a)(2) makes the defendant responsible for challenging untimely trials. The statute specifically refers to dismissal "on motion of the defendant." *Id.* By the text of the statute, Congress unquestionably intended to make defendants responsible for "untimely trial" challenges.

11

Subparagraph (a)(1) does not contain any similar "on motion of the defendant" language. 18 U.S.C. § 3162(a)(1). This omission underscores Congress's intent to avoid having defendants bear responsibility for "untimely indictment" challenges. Because the STA's waiver provision only applies to situations where the dismissal is conditioned on a defendant's motion, the provision cannot apply to "untimely indictment" dismissals. The language of the waiver provision effectively narrows its reach to *only* those situations where the defendant must move for dismissal. Here, the STA did not require Mr. Veysey to move to dismiss his criminal charges, and the waiver provision does not apply to his failure to do so.

The second reason the wavier provision should not apply to "untimely indictment" challenges is the fact that Congress did not include a similar waiver in the "untimely indictment" subparagraph of the STA. "Where Congress includes particular language in one section of a statute but omits it in another ..., it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Keene Corp. v. United States*, 508 U.S. 200, 208 (1993). In the STA, subparagraph (a)(2) is clear that failure to move for dismissal constitutes waiver, and subparagraph (a)(1) is equally clear in omitting identical language. *Compare* 18 U.S.C. § 3162(a)(2) (stating that "[f]ailure of the defendant to move for dismissal prior to trial or entry of a plea of guilty or nolo contendere shall constitute a waiver of the right to dismissal under this section.") *with* 18 U.S.C. § 3162(a)(1) (omitting any waiver provision). Under *Keene*, and the well-established canon of statutory interpretation, the absence of a waiver provision from subparagraph (a)(1) strongly demonstrates Congress did not intend for defendants to be able to waive "untimely indictment" challenges the same way as they could waive "untimely trial" challenges. Had Congress intended to apply the provision to both subparagraphs, it could have simply copied the waiver provision into subparagraph (a)(1).

### B. Circuits that extend the waiver provision to "untimely indictment" challenges fail to correctly apply the principles of statutory construction.

Some courts have been willing to apply the STA's waiver provision to "untimely indictment" challenges. *See, e.g., United States v. Hines*, 694 F.3d 112 (D.C. Cir. 2012). However, these courts incorrectly focus on the language of subparagraph (a)(2), namely the waiver provision's application to a defendant's right to dismissal "under this *section*." 18 U.S.C. § 3162(a)(2) (Emphasis added). For example, in *Hines*, the D.C. Circuit noted that "Congress 'ordinarily adheres to a hierarchical scheme in subdividing statutory sections.'" *Id.* (citing *Koons Buick Pontiac GMC, Inc. v. Nigh*, 543 U.S. 50, 60-61 (2004))). Because Congress used its customary language in other parts of the STA, the court reasoned that it must give full effect to the word "section" in subparagraph (a)(2). *Id.* The court then read the waiver to apply to all STA rights. *Id.*

*Hines* and its counterparts are not binding on the Seventh Circuit or this Court. Further, these cases are unpersuasive because they misinterpret the STA. For two reasons, this Court should avoid an overly broad reading of the waiver provision. First, courts try to rest this interpretation of the STA on the "fundamental canon that statutory interpretation begins with the language of the statute itself." *Hines*, 694 F.3d at 117. However, for reasons discussed above, the language of the statute actually does *not* suggest that subparagraph (a)(2)'s waiver provision should apply to subparagraph (a)(1). *Hines* and other cases fail to confront the fact that the waiver only applies to challenges for which the defendant is responsible. Subparagraph (a)(1) does not require a defendant to move a court to dismiss an untimely indictment. Therefore, whether the waiver provision applies to all of § 3162 is irrelevant. Even if a defendant fails to move for dismissal, the court nevertheless *shall* dismiss a case due to untimely indictment. 18 U.S.C. § 3162(a)(1). By its terms, the waiver provision only refers to situations where the

13

defendant must initiate dismissal. Subparagraph (a)(1) creates no such requirement. In failing to recognize this distinction, other circuits misinterpret the STA.

The second reason *Hines* and its companion cases incorrectly read the STA is that their holdings rest on a flawed reading of Supreme Court precedent. In *Zedner v. United States*, the Supreme Court concluded that subparagraph (a)(2) serves two purposes. 573 U.S. 489, 502-03 (2006). First, the statute "assigns the role of spotting violations of the Act to defendants – for the obvious reason that they have the greatest incentive to perform this task." *Id.* "Second, by requiring that a defendant move before the trial starts...§ 3162(a)(2) both limits the effects of a dismissal without prejudice...and prevents undue defense gamesmanship." *Zedner*, 507 U.S. at 503. The *Hines* court simply concluded that subparagraph (a)(1) served these purposes as well. *Hines*, 694 F.3d 112. This conclusion puts words into the Supreme Court's opinion in *Zedner*, and again ignores the obvious differences in the language Congress used in subparagraphs (a)(1) and (a)(2). As discussed above, if Congress truly intended both subparagraphs to serve the same policy goals, it undoubtedly would have used the same language. *See Keene*, 508 U.S. at 208.

Although the Seventh Circuit has yet to affirm its commitment to an appropriately narrow reading of § 3162(a)(2), several of its decisions implicitly suggest it would allow such a reading. On several occasions, the court has crafted its opinions to hold only that the waiver provision applies only to subparagraph (a)(2) and its "untimely trial" challenges. *See United States v. Broadnax*, 536 F.3d 695, 699 (7th Cir. 2008) ("squarely hold[ing] that *§ 3162(a)(2)* requires a defendant to move to dismiss on speedy trial grounds before a trial) (emphasis added); *United States v. Morgan*, 384 F.3d 439, 443 (7th Cir. 2004) (noting that the STA "provides that a defendant's failure to move to dismiss the *indictment* constitutes a waiver") (emphasis added);

14

*United States v. Griffin*, 194 F.3d 808, 824 (7th Cir. 1999) (finding no STA violation when a defendant failed to move to dismiss the *indictment* on speedy trial grounds) (emphasis added).

To date, the Seventh Circuit has not expressed a willingness to extend the waiver provision to "untimely indictment" challenges.[7] The Seventh Circuit has made clear that a defendant must move to dismiss his *indictment* before trial. However, the STA provides for two separate types of dismissal. The first, covered by § 3162(a)(1), is a dismissal of any charges contained in a criminal complaint. The second, covered by § 3162(a)(2), is a dismissal of the indictment on those charges. The Seventh Circuit's decisions adamantly discuss the waiver provision within the context of this second category – dismissal of indictments – not the first. Even if the court has stopped short of affirmatively requiring district courts to read the STA's waiver provision as applying only to "untimely trial" challenges, the Seventh Circuit's silence on the issue certainly encourages district courts to employ and apply a plain reading of the STA. As discussed above, the plain meaning of the text strongly urges this court to read the waiver provision as only applying to "untimely trial" challenges.

## CONCLUSION

Mr. Veysey properly petitions this Court for *habeas* review because he satisfies the jurisdictional requirements for § 2241. On the merits, Mr. Veysey has identified a violation of his STA rights and has not waived his ability to assert those rights. The district court erred in failing to *sua sponte* protect Mr. Veysey's right to a speedy trial. Therefore, Mr. Veysey's conviction stands in violation of the laws of the United States. For these reasons, Mr. Veysey respectfully requests that this Court grant his petition for a writ of *habeas corpus*.

---

[7] Through dicta in an unpublished opinion, the Seventh Circuit has noted that it might consider extending the waiver provision to "untimely indictment" challenges. *See United States v. Hinshaw*, 243 F. App'x 179, 180-81 (7th Cir. 2007). However, under Seventh Circuit Rule 32.1, this dicta is not binding on the Seventh Circuit or this Court.

## DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Respectfully submitted,

*[signature]*

John T. Veysey III,
No. 10507-424
*Pro Se*
FCI-Oxford
P.O. Box 1000
Oxford, WI 53952

Date: May 9, 2013

Prepared with the assistance of:

Trevor Brown
Frank J. Remington Center - Oxford Federal Project
University of Wisconsin Law School
975 Bascom Mall
Madison, WI 53706