IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOHN T. VEYSEY, III,

                      Petitioner,                          OPINION AND ORDER

  v.

                                                              13-cv-330-wmc

ROBERT WERLINGER, WARDEN,
FCI-OXFORD,

                      Respondent.

---

      Petitioner John T. Veysey, III, is currently in the custody of the United States Bureau of Prisons at the Federal Correctional Institution in Oxford, Wisconsin. He has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the validity of his conviction and sentence. For reasons set forth below, this petition must be dismissed for lack of jurisdiction.

## FACTS

      The following facts are taken from the pleadings and the electronic docket in Veysey's underlying criminal case:

      In 1999, a grand jury in the United States District Court for the Northern District of Illinois returned a multi-count indictment against Veysey, charging him in connection with a sordid scheme to commit arson and insurance fraud. *See United States v. Veysey*, Case No. 99-cr-318 (N.D. Ill.). At trial, the government presented evidence that Veysey cut the natural gas line and blew up his own home in 1991. Veysey then submitted a grossly inflated claim for its value to his insurance company, which compensated him for the loss. After Veysey used some of the proceeds to rebuild his home, he apparently made more than one attempt

to kill his wife, ultimately poisoning her and collecting the benefits of an insurance policy on her life.

In 1996, Veysey burned down his home again, submitting another inflated estimate of that loss. Two years later, Veysey remarried another woman with a life insurance policy naming him as the beneficiary and then attempted to murder her by burning down their rented home. She was rescued along with their infant son, who was also the subject of a life insurance policy. The couple divorced soon thereafter. In May of 1999, the United States Marshals Service arrested Veysey before he could act on plans to murder another woman with a sizeable life insurance policy in which he was listed as beneficiary. On February 6, 2001, a jury found Veysey guilty as charged of mail fraud, wire fraud, arson, and using fire to commit a felony. On November 30, 2001, the district court sentenced Veysey to serve a total of 110 years in prison.

On direct appeal, Veysey raised an assortment of arguments, including: (1) the judge exceeded the federal sentencing guidelines in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000); (2) the case should have been severed into seven different trials; (3) the arson offense involving one of his homes was not subject to the federal arson statute because the house was not "used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce," as required by 18 U.S.C. § 844(i); and (4) the trial court erred by admitting erroneous testimony from an actuary. The United States Court of Appeals for the Seventh Circuit rejected all of Veysey's arguments and affirmed the conviction. *See United States v. Veysey*, 334 F.3d 600 (7th Cir. 2003). The Supreme Court denied certiorari review on January 12, 2004. *See United States v. Veysey*, 540 U.S. 1129 (2004).

On January 21, 2005, Veysey filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. In that motion, Veysey argued that the trial court erred by enhancing his sentence based on his having committed homicide since that offense was not pled in the indictment as required by *Apprendi*. Noting that Veysey made this same argument on direct appeal, the trial court denied relief on October 13, 2005. *See United States v. Veysey*, Case No. 05-cv-386 (N.D. Ill.). Veysey did not appeal that decision.

On January 7, 2010, Veysey filed a "Motion to Dismiss Indictment by a Person in Federal Custody," asserting violations of the Speedy Trial Act under 18 U.S.C. § 3161(b) related to his federal conviction. The district court also denied that motion as untimely under Fed. R. Crim. P. 12. On appeal, the Seventh Circuit treated the motion as one seeking leave to file a second § 2255 motion and denied the request. *See Veysey v. United States*, No. 10-1392 (7th Cir.).

Veysey now petitions for a writ of habeas corpus under 28 U.S.C. § 2241, challenging the validity of his conviction and sentence. He repeats the same argument raised previously -- that his indictment was tainted by violations of the Speedy Trial Act.

OPINION

Veysey seeks judicial review of his criminal conviction and sentence under 28 U.S.C. § 2241(c)(3), which authorizes a writ of habeas corpus where a prisoner can show that he is "in custody in violation of the Constitution or laws or treaties of the United States[.]" Review under § 2241 is usually reserved for attacking the execution, not the imposition, of a sentence. *See Kramer v. Olson,* 347 F.3d 214, 217 (7th Cir. 2003). By contrast, "[28 U.S.C.] § 2255 is the exclusive means for a federal prisoner to attack his conviction [or sentence]."

3

*Hill v. Werlinger*, 695 F.3d 644, 647 (7th Cir. 2012); *see also Carnine v. United States*, 974 F.2d 924, 927 (7th Cir. 1992) (comparing the remedies available under §§ 2241, 2255).

Because Veysey argues that his current *sentence* should be set aside or vacated, his petition is governed by § 2255. *See Hill*, 695 F.3d at 647. As a rule, motions of this kind must be filed with the sentencing court. *See* 28 U.S.C. § 2255(a); *Longbehn v. United States*, 169 F.3d 1082, 1083 (7th Cir. 1999). In a "narrow class of cases," a federal prisoner may proceed under § 2241 if he can show that his claims fit within the "savings clause" found in 28 U.S.C. § 2255(e). *Hill*, 695 F.3d at 648; *Kramer*, 347 F.3d at 217 (citation omitted). To fit within that narrow exception, however, a prisoner must show that "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." *Id.* Veysey has not and cannot make that showing.

The Seventh Circuit has found that § 2255 is inadequate for purposes of the savings clause when the statutory prohibition on second or successive motions would otherwise "prevent a prisoner from obtaining review of a legal theory that 'establishes the petitioner's actual innocence.'" *Kramer*, 347 F.3d at 217 (quoting *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002)). To make this showing, a prisoner must demonstrate that "the legal theory he advances relies on a change in law that both postdates his first § 2255 motion . . . and 'eludes the permission in [§] 2255 for successive motions.'" *Kramer*, 347 F.3d at 217 (quoting *In re Davenport*, 147 F.3d at 605, 611 (7th Cir. 1998)). The claim raised by Veysey does not fit within that category. In that respect, the legal theory presented in the pending § 2241 petition could have and should have been raised before Veysey's trial. Assuming that it was not,[1] Veysey still could have presented this theory in his initial § 2255 motion in the

---

[1] The docket sheet in Veysey's criminal case reflects that there was a motion to dismiss filed

4

context of a claim that he was denied effective assistance of counsel. Under these circumstances, Veysey has *not* shown that § 2255 was inadequate or ineffective to test the legality of his detention. *See Hill¸* 695 F.3d at 649; *see also Taylor*, 314 F.3d at 835 (observing that a petitioner's prior failure to present a constitutional claim or "theory that has long been appropriate for collateral review does not render § 2255 'inadequate or ineffective'").

Because Veysey does not fit within the savings clause found in § 2255(e), he may not proceed under § 2241 and his pending petition for a writ of habeas corpus must be dismissed for lack of jurisdiction.

ORDER

IT IS ORDERED that John T. Veysey, III's petition for a writ of habeas corpus under 28 U.S.C. § 2241 is DISMISSED for lack of jurisdiction.

Entered this 19th day of December, 2013.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

---

shortly after the grand jury returned its indictment in September 1999. *See United States v. Veysey*, Case No. 99-cr-381 (N.D. Ill.). The contents of that motion, which was summarily denied without prejudice in a minute order entered on December 2, 1999, are not available in the electronic record.